483 P.2d 450

CONSOLIDATED FINANCE CORPORA-
TION, Plaintiff and Appellant,

v.

Kent MOULTON, dba South Davis Camper Sales, and Mid-Century Insurance Company, a foreign corporation, Defendants and Respondents.

No. 12266.

Supreme Court of Utah.

April 1, 1971.

Dwight L. King, Salt Lake City, for plaintiff-appellant.

Byron L. Stubbs, Don J. Hanson, Salt Lake City, for defendants-respondents.

TUCKETT, Justice.

The plaintiff commenced these proceedings in the district court to recover the purchase price of a house trailer from the defendant Kent Moulton and his surety, Mid-Century Insurance Company.

The plaintiff had repossessed a trailer in the state of Nevada and during March, 1967, it employed Moulton to return the trailer to the state of Utah. After returning the trailer to Utah it was agreed by the plaintiff and the defendant Moulton that the trailer would be placed on the defendant's lot in Davis County and offered for sale. It was agreed that Moulton pay the plaintiff the sum of $4700 for the trailer and he, Moulton, was to retain whatever he could get above that figure for his services in returning and selling the same. During the month of May, 1967, Moulton notified the plaintiff that he had found a buyer for the trailer and requested that the title papers be forwarded to him. On May 26, 1967, Moulton delivered to Clyde Allen, the manager of the plaintiff, a check in the sum of $4700. When the check was presented for payment on June 6, 1967, it was dishonored by the bank. On May 25 and 26, there were sufficient funds in Moulton's account to have covered the check had it been presented to the bank on one of those days. On June 26, 1967, Moulton delivered to the plaintiff a new check in the sum of $4700 as a substitute for the first check. The check of June 26 was not paid by the bank when it was presented. Thereafter Moulton made payments to the plaintiff and reduced the amount owed to the sum of $2206.60 On April 25, 1968, Moulton filed a petition in bankruptcy which listed the obligation owed to the plaintiff and which was subsequently discharged.

The plaintiff seeks recovery against the defendant Mid-Century Insurance Company as a surety for the defendant Kent Moulton, who was licensed as a motor vehicle dealer pursuant to the provisions of Section 41–3–16, U.C.A.1953, which provides as follows:

> * * * Before any new motor vehicle dealer's license or used motor vehicle

dealer's license shall be issued by the administrator to any applicant therefor the said applicant shall procure and file with the administrator a good and sufficient bond in the amount of $5,000.00 with corporate surety thereon, * * * and conditioned that said applicant shall conduct his business as a dealer without fraud or fraudulent representation, and without the violation of any of the provisions of this act. * * *

After a trial was had upon the issues the court below made and entered its findings and concluded that the evidence failed to show an intention on the part of the defendant Kent Moulton to defraud or cheat the plaintiff. The court entered judgment in favor of the defendants.

The record supports the findings and conclusions of the trial court inasmuch as it would appear that the plaintiff and the defendant Moulton construed their relationship as one being founded upon a contract wherein Moulton was to make payments upon the obligation periodically and the plaintiff consented to that arrangement by accepting the payments. No claim of fraud was made by the plaintiff until after the defendant Moulton had filed his petition in bankruptcy.

It would seem that the plaintiff here bases its claim on the theory that Moulton's failure to pay for the trailer amounted to a fraud within the meaning of the statute. In a case similar upon its facts the Oregon court decided that a breach of contract or of a promise to pay was insufficient under the Oregon statute which is similar to the one we are here concerned with.[1]

This being an action of law we are not at liberty to disturb the findings of the trial court so long as they are supported by substantial evidence. In the case before us we are of the opinion that the decision of the court below is supported by ample evidence and that decision is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Warner Motor Co. v. Strand, 225 Or. 315, 358 P.2d 282.